UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SANDVIK MINING AND CONSTRUCTION USA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 21-00992 (RJL) |
| RODOLFO GIANCOTTI REZENDE, | | |
| Plaintiffs, | | |
| v. | | |
| MERRICK B. GARLAND, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM ORDER**
(October 13, 2021) [Dkt. #10]

**BACKGROUND**

Plaintiffs Rodolfo Rezende and Sandvik Mining and Construction USA, LLC ("Sandvik") bring this suit to enable Rezende and his family to continue to lawfully reside in the United States in connection with Rezende's employment with Sandvik. Compl. [Dkt. #1] ¶¶ 1–15. Specifically, plaintiffs challenge decisions by the United States Citizenship and Immigration Services ("USCIS") denying Rezende an extension on his nonimmigrant worker status and denying his dependent family members an extension of their associated nonimmigrant status. *Id.* ¶¶ 1–3.

On September 13, 2021, defendants—federal officials responsible for administering and enforcing the Nation's immigration laws—moved to dismiss, or in the

1

alternative, transfer this case on the basis that venue was not proper in the District of Columbia. Mot. to Transfer and Dismiss ("Defs.' Mot.") [Dkt. #10]. Defendants originally proposed transferring the action to the Middle District of Florida on the basis that Rezende resides in that district and Sandvik represented itself as a "Florida based company" in the Complaint. *Id*. at 1; *see also* Compl. ¶ 5. Plaintiffs opposed this maneuver, asserting that the Court should retain the case but arguing in the alternative that, were the Court to transfer the case, the Northern District of Georgia is the most appropriate venue. Opp'n of Defs.' Mot. to Transfer Venue and Alternative Venue ("Pls.' Opp'n") [Dkt. #11]. To support their preference for the Northern District of Georgia, plaintiffs assert that Rezende no longer resides in the Middle District of Florida, Sandvik is headquartered in the Northern District of Georgia, and the company's activities relevant to this lawsuit, including Rezende's proposed worksite, are located there. Pls.' Opp'n ¶¶ 4–8. Defendants, on reply, continue to resist proceeding in this district but do not oppose transferring to the Northern District of Georgia. Reply in Support of Mot. to Transfer and Dismiss ("Defs.' Reply") [Dkt. #12] at 4–5. Unfortunately for plaintiffs, I agree with defendants that the District of Columbia is an inconvenient venue. Accordingly, for the following reasons, I GRANT IN PART and DENY IN PART defendants' motion.[1]

---

[1] As defendants concede, when confronted with combined motions to transfer and motions to dismiss in application-specific immigration cases, courts routinely address solely the motion to transfer while denying without prejudice the motion to dismiss so that the defendants may refile it, if appropriate, once the transfer has occurred. *See* Defs.' Mot. at 10 (citing *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 (D.D.C. 2009)). I adopt this approach here.

## ANALYSIS

Under 28 U.S.C. § 1404(a), the Court "may transfer any civil action to any other district . . . where it might have been brought" when transfer is warranted by the "interest of justice" and the "convenience of the parties and witnesses." 28 U.S.C. § 1404(a). Deciding whether to transfer involves a two-step inquiry. First, the Court determines whether the case could have been brought in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Second the Court weighs the public and private interests at stake. *Garcia v. Acosta*, 393 F. Supp. 3d 93, 108 (D.D.C. 2019). The movant bears the burden of persuasion to show that transfer of the action is proper. *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014).

Addressing the first issue, the Court must assess whether plaintiffs could have brought this case in the Northern District of Georgia.[2] Venue for suits against federal agencies or federal officials in their official capacity is governed by 28 U.S.C. § 1391(e)(1). That provision provides that a civil action involving no real property may be brought in any judicial district in which (1) a defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) a plaintiff resides. *See* 28 U.S.C. § 1391(e)(1); *Accord Garcia*, 393 F. Supp. 3d at 108–09; *Ctr. for Env't Sci.*, 75 F. Supp. 3d at 356. Because Sandvik seeks Rezende's employment in the Northern District

---

[2] There is no need to address whether transfer to the Middle District of Florida is appropriate at this time. Defendants sought transfer to that district primarily on the basis that Rezende and his family were residing there. *See* Defs.' Mot. at 1. But as of July 2021, Rezende and his family have relocated to Brazil pending the resolution of this dispute and no longer reside in or work in the Middle District of Florida. *See* Pls.' Opp'n ¶¶ 3–4. Accordingly, transfer to that district would neither serve the interest of justice nor be more convenient for the parties and witnesses.

of Georgia, where it engages in significant operations, a substantial part of the events giving rise to plaintiffs' claim occurred in that district, enabling suit there. *See Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020). Accordingly, the first step is satisfied.[3]

Turning to the second prong of the inquiry, I find the public and private interests at stake in this litigation weigh in favor of resolving this dispute in the Northern District of Georgia. With respect to the private interests, the parties' preferences, convenience of the parties, location of the activities giving rise to the claims, and the availability of evidence and witnesses all favor transfer to the Northern District of Georgia. *See Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017). Of critical importance is that the activities giving rise to this suit occurred predominantly in that district. *See* Pls.' Opp'n ¶¶ 8–9; *Wolfram*, 490 F. Supp. 3d at 332 (transferring challenge to an employment-based visa decision to the district in which the proposed employment and sponsoring company's headquarters were located). That is where Sandvik resides and where Rezende's proposed worksite will be, making resolution of this dispute there both sensible and convenient. *Id.; see also Aishat v. U.S. Dep't of Homeland Security*, 288 F. Supp. 3d 261, 268–69 (D.D.C. 2018).

As many courts in this district have held, where plaintiffs challenge immigration decisions by bringing suit against federal officials in the District of Columbia, transfer to

---

[3] This threshold requirement is also likely satisfied through an independent route. Sandvik's principal place of business is likely in the Northern District of Georgia. *See* Pls.' Opp'n at 6–7; Ex. A to Pls.' Opp'n at 1. As such, plaintiff likely resides in that district for venue purposes, *see* 28 U.S.C. § 1391(c)(2), and could have brought suit there under 28 U.S.C. § 1391(e)(1).

plaintiffs' home forum is generally warranted, unless the case poses a factual connection to this district. *See, e.g., Wolfram*, 490 F. Supp. 3d at 331–41; *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 274 (D.D.C. 2018); *Bourdon*, 235 F. Supp. 3d at 307 ("[W]here, as here, the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia."). This line of cases applies with force here as this action presents no nexus to the District of Columbia beyond the fact that certain federal agencies and federal officials are located here. *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (counseling courts in this Circuit to carefully scrutinize issues of venue because "[b]y naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere").[4]

The public interest factors confirm transfer is appropriate. "Perhaps most important amongst the public factors," *see Wolfram*, 490 F. Supp. 3d at 338, the local interest the Norther District of Georgia has in resolving local controversies weighs in favor of transfer. *See Bourdon*, 235 F. Supp. 3d at 308. Because this suit concerns Rezende's ability to obtain lawful status to work in the Northern District of Georgia for a company with significant operations in that location, it is best heard by courts within that

---

[4] Plaintiffs' choice of forum—which is ordinarily given deference—does not disturb this conclusion. *See* 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3848 (4th ed. 2017) ("If the plaintiff is not a resident of the forum, the plaintiff's forum choice may be entitled to relatively little deference."); *see also Tower Labs, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018) ("[W]hen the forum preferred by the plaintiff is not his home forum, and the defendant prefers the *plaintiff's* home forum, then there is little reason to defer to the plaintiff's preference.").

district. *Wolfram*, 490 F. Supp. 3d at 339 (finding transfer to Illinois warranted where suit concerned "obtaining proper immigration documentation for an Illinois-based employee to be authorized to work for Plaintiff in its Illinois headquarters"); *McAfee, LLC v. U.S. Citizenship and Immigration Servs.*, No. 19-cv-2981, 2019 WL 6051559, at *1 ("[C]ourts [have] a local interest in having localized controversies decided at home, including even controversies requiring judicial review of an administrative decision." (cleaned up)).

The remaining public factors are largely neutral or weigh only slightly against transfer. Plaintiffs are pursuing federal claims requiring the interpretation of federal law, which the districts in question are presumed to be equally familiar with handling. *Wolfram*, 490 F. Supp. 3d at 335. And while there may be, depending on the metric used, a difference in the relative congestion of the districts,[5] "these statistics are not perfect indicators of court congestion" and, in any event, do not outweigh the Northern District of Georgia's interest in locally resolving local disputes. *See Wolfram*, 490 F. Supp. 3d at 336.

## CONCLUSION

For the reasons stated above and upon consideration of the parties' submissions and the entire record herein, it is hereby

**ORDERED** that Defendants' Motion to Transfer and Dismiss [Dkt. #10] is **GRANTED IN PART** and **DENIED IN PART**; it is **GRANTED** with respect to the

---

[5] *See* U.S. District Court—Caseload Statistics Data Tables, available at https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables.

motion to transfer and **DENIED WITHOUT PREJUDICE** with respect to the motion to dismiss; it is further

**ORDERED** that the Clerk of Court shall transfer this action to the United States District Court for the Northern District of Georgia; and it is further

**ORDERED** that defendants shall have leave to refile a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure within 21 days of this action being docketed with the transferee court.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge